**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| MICHAEL BRUMIT, § <br> Plaintiff § <br> § <br> vs. § <br> § <br> CAPITAL ONE BANK (USA), N.A. DBA § <br> CAPITAL ONE AUTO FINANCE, INC., § <br> Defendant § | CIVIL ACTION NO. <br><br> Jury Trial Demanded |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1. This is an action for damages brought by Plaintiff, Michael Brumit ("Plaintiff"), an individual, for Capital One Bank (USA), N.A. dba Capital One Auto Finance, Inc.'s ("Defendant") violations of the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE §§ 392.001, *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the similar state law, TEX. BUS. & COM. CODE § 305.053.

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the TDCA, and TCPA and to have an Order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 28 U.S.C. § 1367(a) and 47 U.S.C. § 227.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff is a natural person residing in the State of Texas, County of Collin, and City of McKinney.

7. Plaintiff is a consumer as defined by the TEX. FIN. CODE § 392.001(1) and TEX. BUS. & COM. CODE § 17.50(a)(1).

8. Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by TEX. FIN. CODE § 392.001(6).

9. Defendant is a "debt collector" as defined by TEX. FIN. CODE § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal automobile loan.

12. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

13. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due.

14. Prior to February 2012, in connection with the collection of an alleged debt for a personal automobile loan, Defendant began placing telephone calls to Plaintiff's cellular telephone number.

15. In or about January 2012, Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff's cellular telephone number.

16. Specifically, on more than one occasion in or about early January, 2012, Plaintiff told Defendant that he did not want the vehicle that was the subject of the loan, that Defendant could repossess the vehicle.

17. At such times, Plaintiff unequivocally told Defendant: "Stop calling me."

18. Despite Plaintiff's demand to cease and desist from placing any and all telephone calls to Plaintiff, Defendant continued to place calls to Plaintiff's cellular telephone on multiple and repeated occasions.

19. On at least May 2, 2012, May 9, 2012, and May 16, 2012, Defendant delivered a voicemail message to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

20. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

21. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

22. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

23. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

24. Plaintiff revoked any prior express consent Defendant may have had when Plaintiff spoke with Defendant in or around January 2012.

25. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

26. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

27. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place the telephone calls identified above.

28. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place the telephone calls identified above.

29. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

30. Upon information and good-faith belief, Defendant intended to leave voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

31. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

32. Defendant's actions constitute conduct highly offensive to a reasonable person.

33. As a result of the above violations, Plaintiff suffered mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

34. Plaintiff repeats and re-alleges each and every allegation above.

35. Defendant violated TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

36. Plaintiff repeats and re-alleges each and every allegation above.

37. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX. BUS. & COM. CODE § 305.053

39. Plaintiff repeats and re-alleges each and every allegation above.

40. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. BUS. & COM. CODE § 305.053;

b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

 d) Awarding Plaintiff treble damages, pursuant to Tex. Bus. & Com. Code § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

 f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: September 13, 2012.

    Respectfully submitted,

    By: /s/ Noah D. Radbil
    Noah D. Radbil
    noah.radbil@attorneysforconsumers.com
    Weisberg & Meyers, LLC
    Two Allen Center
    1200 Smith Street
    Sixteenth Floor
    Houston, TX 77002
    Telephone: (888) 595-9111
    Facsimile: (866) 565-1327

    *Attorney for Plaintiff*
    MICHAEL BRUMIT